IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 7:23-CV-0032-O |
| | § | |
| CITY VIEW INDEPENDENT | § | |
| SCHOOL DISTRICT et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court are Defendant City View Independent School District's ("District") Motion to Dismiss (ECF No. 50), filed November 30, 2023; Plaintiff's Response (ECF No. 56); filed January 8, 2024; Defendant Anthony Ray Bushong's ("Bushong") Motion to Dismiss (ECF No. 62), filed March 6, 2024; Plaintiff's Response (ECF No. 65), filed April 4, 2024; and Bushong's Reply (ECF No. 67), filed April 18, 2024. For the reasons stated herein, Defendants' Motions to Dismiss are **GRANTED**.

## I.     BACKGROUND[1]

Plaintiff attended City View High School from the fall of 2016 to the spring of 2020. During that period Robert Evan Morris, a teacher and coach at City View High School, sexually and emotionally abused Plaintiff. Plaintiff reported this abuse to the high school principal and Bushong, who was the superintendent of City View High School at the time. Instead of helping

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Second Amended Complaint. *See* Pl.'s Second Amend. Compl., ECF No.43. At this stage, these facts are taken as true and viewed in the light most favorable to the plaintiff. *See Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

her, Plaintiff alleges that Bushong threatened her with expulsion and stated her aunt, who was employed by City View ISD, could lose her job if she spoke further about her abuse. In 2022, the public learned that Morris had been sexually assaulting female students since 2014 and that school district staff knew about the abuse and repeatedly failed to report it. At this time, local media and the police interviewed Plaintiff, and Plaintiff confirmed Morris' abuse and complained about Bushong's conduct. In response, Bushong sent a letter to Plaintiff in 2022 threating legal action if she continued her public outcry. Plaintiff then filed this case in April 2023 alleging various constitutional violations by City View ISD and Bushong.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A court may not accept legal conclusions as true, but when well-pleaded factual allegations are present, a

court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 678–79.

### III.    ANALYSIS

Plaintiff brings claims under 18 U.S.C. 1983 for retaliation under the First Amendment, Fourth Amendment excessive restraint, Fourteenth Amendment due process and equal protection violations, as well as sex-based discrimination in violation of Title IX against the District. Plaintiff additionally brings a claim for retaliation under the First Amendment against Bushong.[2]

### A.  Almost All of Plaintiff's Claims are Untimely

Defendants argue that all of Plaintiff's claims are barred by the statute of limitations.[3]  As an initial matter, Plaintiff's First Amendment retaliation claim stems from a letter Bushong sent in 2022—well within the prescription period. Accordingly, her retaliation claim against the District and Bushong is timely. However, Plaintiffs remaining § 1983 and Title IX claims against the District are not.

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Claims brought under Title IX and § 1983 are governed by the forum state's statute of limitations for personal injury actions. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759–60, 759 n.5 (5th Cir. 2015). In Texas, the applicable limitations period is two years. Tex. Civ. Prac. & Rem. Code § 16.003.

---

[2] Pl.'s Response to Bushong Mot. to Dismiss 2. ECF No. 65; Pl.'s Second Amend. Compl., 19– 21 ECF No.43.
[3] Def.'s City View ISD Mot to Dismiss 7, ECF No. 50; Def.'s Bushong Mot to Dismiss 13, ECF No. 62.

The statute of limitation begins to run when the plaintiff's claim accrues. *King-White*, 803 F.3d at 762. In Texas, the plaintiff's claims do not accrue until the plaintiff reaches the age of majority (i.e., 18).

"[U]nder federal law, a claim accrues and 'the limitation period begins to run the moment the plaintiff becomes aware she has suffered an injury or has sufficient information to know that she has been injured.'" *Id.* (quotations omitted). "A plaintiff need not know that she has a legal cause of action for her claim to accrue; she need know only the facts that would ultimately support a claim." *Id.* "A plaintiff's awareness encompasses two elements: (1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski v. City of Houston*, 51 F.3d 512, 576 (5th Cir. 1995). Finally, "awareness" for accrual purposes does not mean actual knowledge; rather, all the movant must show is the existence of "circumstances [that] would lead a reasonable person to investigate further." *Id.* (citation and internal quotation marks omitted).

Here, the circumstances alleged in Plaintiff's complaint would have prompted a reasonable person to investigate the Defendants' conduct further. Plaintiff was aware of the abuse she suffered. While Plaintiff may not have known about the other complaints, the other alleged victims, or certain City View ISD policies, a reasonable person who was being abused, and who had already lodged complaints with administrators that were disregarded, would have investigated further. Thus, Plaintiff's allegations demonstrate that she was sufficiently aware of the facts that would ultimately support her claims by the time Doe turned 18 in 2020. Because this was more than two years before Plaintiff filed suit, Plaintiff's Title IX, Fourth Amendment, and Fourteenth Amendment claims are time-barred unless tolling applies.

### i. Equitable Tolling Principles Do Not Apply

Plaintiff argues that even if the applicable statute of limitations bars her claims against Defendants, equitable tolling principles including the discovery rule, fraudulent concealment, and continuing tort violations forestall the expiration of the limitations period. "When a federal claim borrows a state statute of limitations, coordinate tolling rules are usually borrowed as well. *King-White*, 803 F.3d at 764 (cleaned up). Equitable tolling may preserve claims when the strict application of the statute of limitations is inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). However, Plaintiff identifies no tolling principles that can save her non-retaliation claims.

### ii. Neither the Discovery Rule nor Fraudulent Concealment Toll Plaintiff's Claims Does Not Apply

Plaintiff asserts that the statute of limitations should not apply because Plaintiff did not discover that Morris abused other female students and that district staff covered it up.[4] "The discovery rule is a 'narrow exception' to the legal injury rule that 'defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action.'" *Marcus & Millichap Real Est. Inv. Servs. of Nev., Inc. v. Triex Tex. Holdings, LLC*, 659 S.W.3d 456, 461 (Tex. 2023) (quoting *Berry v. Berry*, 646 S.W.3d 516, 524 (Tex. 2022)). "It applies when the injury is by its nature inherently undiscoverable." (citing *Agar Corp. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019)). "An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *Triex*, 659 S.W.3d at 461 (quoting *Berry*, 646 S.W.3d at 524).

Here the discovery rule does not apply because Plaintiff's injuries were not inherently undiscoverable. Sadly, Plaintiff was aware of Morris's abuse and the Defendants' disregard for

---

[4] Pls. Resp. to Def. City View ISD's Motion to Dismiss 15–19, ECF No.56.

her complaints before 2020. Accordingly, the discovery rule does not apply to Plaintiff's non-retaliation claims.

Plaintiff's fraudulent concealment argument also fails for similar reasons. Plaintiff first argues that the statute of limitations should be tolled because school officials concealed facts necessary for Plaintiff to know she had a cause of action.[5] Namely, Plaintiff argues that she did not know Defendant Bushong acted with deliberate indifference until June 2022 when the police investigation into the alleged cover-up became public.[6] In Texas, defendants are not shielded by the statute of limitations if they are "under a duty to make disclosure but fraudulently conceal[] the existence of a cause of action from the party to whom it belongs." *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983). "The estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *Id.* at 909. Here, Plaintiff does not suggest that Defendants actively concealed the existence of any causes of action. Instead, Plaintiff's allegations focus on the District's failure to act in the face of knowledge of abuse. Additionally, for the same reasons already discussed, Plaintiff's claims accrued by 2020 and Plaintiff had sufficient knowledge of the relevant facts by that time to end any "estoppel effect" that may otherwise apply. Thus, fraudulent concealment does not apply.

### iii.  Continuing Violation Theory Does Not Apply

Finally, Plaintiff relies on the continuing violation theory.[7] Specifically, Plaintiff alleged "that in July of 2022 she was harassed and again threatened with retaliation by the (then) School Superintendent Bushong."[8] Plaintiff goes on to state that "[t]his threat not only created a new cause

---

[5] *Id.* at 12.
[6] *Id.*
[7] *Id.* at 15.
[8] Pl.'s Second Amend. Compl., 3 ECF No.43.

of action for Doe I as to both her federal and state court claims, but acted to satisfy what is known as the continuous violation theory, meaning any previous acts and omissions occurring outside the purported two-year limitations period were resurrected by the new threats of retaliation within the limitations period."[9] The Court disagrees. Because Plaintiff's claims for Fourth Amendment excessive restraint and right to privacy, Fourteenth Amendment due process and equal protection violation, and sex-based discrimination in violation of Title IX against the District occurred before Plaintiff graduated in 2020, they lie outside of the prescription period and are not susceptible to the continuing violation theory.

For the reasons stated above, Plaintiff's Fourth Amendment, Fourteenth Amendment, and Title IX claims against the District are time barred, and thus, **DISMISSED.** The Court will now address the merits of Plaintiff's retaliation claim.

### B. Plaintiff's Retaliation Claim is Not Plausible

Although Plaintiff's retaliation claim is timely, her "claim must be plausible to get past Rule 12." *See Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 584 (5th Cir. 2020). Plaintiff bases her retaliation claim against Bushong and the School District on a 2022 letter from Bushong stating that he would file a lawsuit if she continued her public outcry against Bushong and other school officials. The Court will address each claim in turn.

### i. Plaintiff's First Amendment Retaliation Claim Against Bushong

To state a claim for First Amendment retaliation, a plaintiff must allege that (1) "she was engaged in constitutionally protected activity," (2) the official's actions caused her "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity," and (3) the official's "adverse actions were substantially motivated against [Doe's] exercise of

---

[9] *Id.*

constitutionally protected conduct." *Johnson v. Bowe*, 856 F. App'x 487, 492 (5th Cir. 2021). Here, Plaintiff failed to plead elements two and three.

First, Plaintiff has not pled any facts or made any allegation that she was injured by Bushong's actions or that those injuries chilled her speech. The Fifth Circuit has found that only "concrete" injuries can chill protected speech. *Keenan v. Tejeda*, 290 F.3d 252, 259 (5th Cir. 2002). For example, concrete injuries like withholding advertising, refusing to pay the plaintiff interest, threatening to divulge confidential information from a sexual assault investigation, or denying a land use permit likely create a chilling effect. *Id.* On the other hand, ominous glares, criticisms, unfair accusations, and unwarranted investigations that do not lead to a tangible harm (even when the plaintiff has been followed and recorded) likely do not chill protected speech. *Id.* (finding a steady stream of false accusations and vehement criticism insufficient); *Pierce v. Tex. Dep't of Crim. Just., Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994) (finding that videotaping the plaintiff in a public place as part of an investigation insufficient where it did not lead to an adverse employment action); *Harmon v. Beaumont Indep. Sch. Dist.*, No. 1-12-cv-571, 2014 U.S. Dist. LEXIS 199213, 2014 WL 11498077, at *2, *4 (E.D. Tex. Apr. 7, 2014), *aff'd*, 591 F. App'x 292 (5th Cir. 2015) (finding ominous staring and taking photographs of plaintiff insufficient).

In this case, Plaintiff has not alleged or pled any facts that Bushong's actions caused her any injury or would have chilled the speech of "someone with ordinary firmness." Instead, Plaintiff merely alleges that Bushong sent her a threatening letter to chill her free speech and stop her from addressing her grievances with the school district.[10] Plaintiff's allegations, taken as true, do not demonstrate a concrete harm. Instead, Bushong's letters are more akin to criticism and unfair accusations. Without more, Bushong's letter is not a concrete harm that would chill the speech of

---

[10] Pl.'s Response to Bushong Mot. to Dismiss 6, ECF No. 65.

"someone with ordinary firmness." Accordingly, Plaintiff's claim against Defendant Bushong is **DISMISSED**.

### ii. Plaintiff's First Amendment Retaliation Claim Against the City View Independent School District

"[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[I]solated unconstitutional actions by municipal employees will almost never trigger liability. *Id.* (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984); *McKee v. City of Rockwall*, 877 F.2d 409, 415 (5th Cir. 1989). "Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations." *Piotrowski*, 237 F.3d at 579. "But a policy may also be evidenced by custom, that is: . . . a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy. . . ." *Id.* A plaintiff who claims to have been injured due to an officially promulgated policy must specifically identify the policy at issue and must show a direct causal link between the governmental policy and the constitutional deprivation. *Id.* at 580. Here, Plaintiff fails to establish all three elements.

First, as explained above, Plaintiff's constitutional rights were not violated by Bushong. Second, Bushong is not a policymaker. Here, Plaintiff alleges that Defendant Bushong's actions alone are enough to establish the policymaker and policy elements under *Monell* "because a policymaker's actions are enough to establish the policy."[11] However, nothing in Plaintiff's

---

[11] Pl's. Resp. to City View ISD Mot. to Dismiss, 26, ECF No. 56.

allegations demonstrate that Bushong was a policymaker. To be a policymaker, "neither complete discretionary authority nor the unreviewability of such authority" is enough; "[t]here must be more." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168 (5th Cir. 2010). Here, Plaintiff has not alleged that Bushong had more than complete discretional authority or unreviwability.

Third, Plaintiff has not demonstrated that Defendant Bushong's alleged misconduct stemmed from county policy. Notably, there is no evidence in the record that the county had any policy that supported retaliation against students who reported sexual assault. The "'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Municipal liability "is limited to acts that are, properly speaking, acts 'of the municipality'—that is, acts which the municipality has officially sanctioned or ordered." *Id.* After consideration, the Court concludes that Plaintiff's allegations do not provide a basis, at this stage, for finding that City View ISD maintained a "wide-spread custom or policy" that caused a violation of Plaintiff's First Amendment rights. *Piotrowski*, 237 F.3d at 583.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss finding Plaintiff's claims for Fourth Amendment excessive restraint and right to privacy, Fourteenth Amendment due process and equal protection violation, and sex-based discrimination in violation of Title IX against the District are untimely. The Court also **Dismisses** Plaintiff's claim for First Amendment Retaliation for Plaintiff's failure to identify a constitutional violation. Accordingly, all of Plaintiff's § 1983, and Title IX, and municipal liability claims against Bushong and City View ISD are **DISMISSED with prejudice**.

**SO ORDERED this 4th day of June, 2024.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

11